UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


NED DOCK BLANDING POOLE, JR.,

    Plaintiff,

v.                                     CASE NO. 3:05-cv-283-J-99HTS

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____


**REPORT AND RECOMMENDATION**[1]

    Plaintiff filed this suit against the Social Security Administration on March 30, 2005, alleging he "never received his [father's] Social Security d[ue] to the negl[i]gence of family." Title of Your Pleading (Doc. #1) (listing Defendant as Government of Social Security). He sought to proceed *in forma pauperis*. *See* Affidavit of Indigency (Doc. #2; Motion), filed on March 30, 2005. Finding the suit potentially subject to dismissal for failure to state a claim, the undersigned ordered Plaintiff to file an amended

_____

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

complaint.  *See* Order (Doc. #3; Order), entered on April 3, 2005, at 2.

Under 28 U.S.C. § 1915(a), courts may permit a litigant to proceed *in forma pauperis* if the litigant avers in an affidavit that he or she is unable to bear the fees and costs concomitant with a lawsuit.  As recognized by the United States Supreme Court, "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Thus, the court is empowered with the discretion to dismiss the action, *sua sponte,* if it is frivolous or malicious.  *See id.*  A suit "is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325.  Dismissal of a complaint pursuant to this principle should be ordered only if the complaint relies on clearly meritless legal theories, *see id.* at 327, or where the facts asserted therein "are 'clearly baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 327).

The statute also requires the Court to dismiss the case if it determines the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  "The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and so courts apply the same standard in both contexts.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir.

1997). However, a court should not dismiss pursuant to § 1915 for failure to state a claim without, as the Court did here, "granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (citation and internal quotation marks omitted); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 n.7 (11th Cir. 2004) (per curiam).

In response to the Order, Plaintiff has filed the unsigned Motion of Attachment up Under Amended (Doc. #5; Amended Complaint). However, he has not presented allegations demonstrating entitlement to relief. He states generically that his "claim is legitimate" and provides his parents' names. Amended Complaint. This is plainly insufficient.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended the Motion (Doc. #2) be **DENIED** and this case **DISMISSED** pursuant to 28 U.S.C. § 1915 without prejudice to the filing of a prepaid complaint.

**ENTERED** at Jacksonville, Florida, this 15th day of April, 2005.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED   STATES   MAGISTRATE   JUDGE

Copies to:

The Honorable Harvey E. Schlesinger,
United States District Judge

All counsel of record
     and *pro se* parties, if any